**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-40110
Summary Calendar

JOHNNY RAYMOND POWELL,

Petitioner-Appellant,

VERSUS

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
For the Southern District of Texas

(G-94-CV-801)

April 27, 1998

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Johnny Raymond Powell appeals from the district court's denial of his 28 U.S.C. § 2254

petition for *habeas corpus* relief. Powell argues that his state court conviction and life sentence

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should be overturned because (1) the trial court failed to suppress in-court identification testimony that was the product of an overly-suggestive out-of-court identification procedure, and (2) the prosecution used its peremptory challenges to veniremen in a racially discriminatory manner in violation of *Batson v. Kentucky*.[2]  We affirm the district court's denial of Powell's petition.

To determine whether in-court identification testimony should be admitted, the district court employs a two step process.  First, the court examines whether the out-of court identification procedure is overly suggestive.[3]  Then, the court looks to the totality of the circumstances to determine whether there is a substantial likelihood of irreparable misidentification.[4]  In this case, we agree with the district court and the state courts that the out-of-court identification of Powell was overly suggestive.  Nevertheless, we find that the out-of-court identification of Powell was reliable.[5]  The witness / victim observed Powell during the crime from a close distance while Powell had a gun pressed to the victim's stomach.  The identification occurred within a few minutes of the crime.  And, the victim's description of his robber matched Powell.  The district court did not err in refusing to suppress the in-court identification testimony.

Our examination of a *Batson* claim attacking the use of peremptory challenges during jury selection is a three step process.  First, the defendant must make a *prima facie* showing that the prosecutor used his peremptory challenges on the basis of race.[6]  The burden then shifts to the

---

[2]  476 U.S. 79 (1986).

[3]  *United States v. Shaw*, 894 F.2d 689, 692 (5th Cir. 1990).

[4]  *Id*.

[5]  *See Neil v. Biggers*, 409 U.S. 188, 199-200 (1972).

[6]  *United States v. Perkins*, 105 F.3d 976, 978 (5th Cir. 1997).

2

prosecutor to articulate a race-neut ral reason for excusing the juror in question.[7]  Finally, the trial court must determine whether the defendant has carried his burden of showing purposeful discrimination.[8]

In this case, the record shows that the jury venire contained only four minorities, three of whom were challenged by the prosecutor.  The prosecutor articulated justifications not based on race for each of his challenges.  The prosecutor challenged one juror because he was overweight and said nothing during voir dire, challenged another for being overweight and having a family friend who was charged with a crime, and challenged a third because he was a longshoreman.  Because these justifications on their face are not based on race, we accept them as racially neutral and turn to the third stage of the inquiry.[9]

The district court's decision on discriminatory intent is a finding of fact based upon credibility determinations to which we accord great deference.[10]  We overturn that decision only if it is not fairly supported by the record.[11]  We have carefully reviewed the record, Powell's arguments, and the justifications offered by the prosecutor.  We find that the district court's credibility choices are fairly supported by the record.

The judgment of the district court is AFFIRMED.

---

[7]  *Id.*

[8]  *Id.*

[9]  *Id.*; *Purkett v. Elem*, 514 U.S. 765, 768-9 (1995).

[10]  *Perkins*, 105 F.3d at 978.

[11]  *Purkett*, 514 U.S. at 769.